# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3177

_____

Michael C. Hollen; Joan L. Hollen,     *
                                       *

             Appellants,          *

                                       *   Appeal from the United States
       v.                  *   Tax Court.
                                       *

Commissioner of Internal Revenue,   *   [UNPUBLISHED]
                                       *

             Appellee.            *

_____

Submitted: February 6, 2009
Filed: February 17, 2009

_____

Before BYE, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Michael and Joan Hollen appeal the tax court's[1] adverse grant of summary judgment on their petition for review of a notice of determination issued by the Internal Revenue Service. They argue that the tax court erred in not granting Joan Hollen innocent spouse relief under 26 U.S.C. § 6015, because she did not have knowledge, or reason to know, of the understatement. They also challenge, in their reply brief only, the determination of their underlying tax liability.

_____

[1]The Honorable Carolyn P. Chiechi, United States Tax Court Judge.

The Hollens did not raise the issue of innocent spouse relief in the tax court, so we will not consider it here.  See Vnuk v. Comm'r, 621 F.2d 1318, 1321 (8th Cir. 1980) (court could not consider issue not raised in tax court).  We further conclude that the Hollens waived the issue of their underlying tax liability by failing to raise it in their opening brief.  See K.D. v. County of Crow Wing, 434 F.3d 1051, 1055 n.4 (8th Cir. 2006) (failure to raise issue in opening brief results in waiver).  In any event, we agree with the tax court that the Hollens were precluded from challenging the underlying tax liability, because previously they had received a notice of deficiency, the tax court had determined their liability, and this court had affirmed the tax court's determination.  See 26 U.S.C. § 6330(c)(2)(B) (taxpayer may challenge amount of underlying tax liability if taxpayer did not receive notice of deficiency or did not otherwise have opportunity to dispute tax liability).

Accordingly, we affirm.  See 8th Cir. R. 47B.

_____